PER CURIAM.
Plaintiff was employed in Morgan City, Louisiana, as captain of the motor vessel KENNY G., owned by Garber Brothers, Inc. In November, 1980, he moored his boat to a facility which was the property of Lee-Vac Corporation. The facility consisted of a barge permanently secured to a dock. The barge was about two feet from the dock, with a gangway built over the water as a bridge for personnel. Plaintiff went ashore and was injured while returning over the gangway to his boat. He filed this suit against Garber Brothers, Inc., and its insurer, seeking damages under the Jones Act and general maritime law. The trial court granted summary judgment for defendants.
The court based its ruling on Young v. Matson Navigation Co., an appellate decision from California reported in 1983 AMC 1593 (Cal.1982), which is identical to the instant case in its facts. The Young court held the vessel owner’s duty to the seaman did not extend to premises over which the owner had no dominion or control. The trial court also cited Liner v. J.B. Talley Company, 618 F.2d 327 (5th Cir.1980), and Morel v. Sabine Towing & Transportation Company, 669 F.2d 345 (5th Cir.1982).
After thoroughly reviewing the record and the jurisprudence, we conclude the trial court was correct in its finding. Garber Brothers, Inc., at no time had ownership or dominion over the gangway. Plaintiff re *918 lies on Martin v. Walk, Haydel & Associates, Inc., 742 F.2d 246 (5th Cir.1984), which is not applicable here. In Martin the plaintiff was injured while making a vessel-to-vessel transfer, with the accident occurring on the boat where he usually worked. That is quite different from being injured on a gangway which is under the exclusive control of a third party.
Costs of these proceedings are taxed to plaintiff.
AFFIRMED.